1 | Jason S. Hartley, CA Bar No. 192514
2 | **STUEVE SIEGEL HANSON LLP**
550 West C Street, Suite 1750
3 | San Diego, California 92101
Email: hartley@stuevesiegel.com
4 | Telephone: 619-400-5822
5 | Facsimile: 619-400-5832

6 | George A. Hanson, *Pro Hac Vice Forthcoming*
**STUEVE SIEGEL HANSON LLP**
7 | 460 Nichols Road, Suite 200
8 | Kansas City, Missouri 64112
Email: hanson@stuevesiegel.com
9 | Telephone: 816-714-7100
10 | Facsimile: 816-714-7101

FILED
CLERK, U.S. DISTRICT COURT

NOV - 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

11 | Attorneys for Plaintiffs

12 | **IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
13 | **WESTERN DIVISION**

CV13-08130 ABC
(FFMx)

14 | **RICARDO ANAYA, DAVID**
**BLAKE, JAVIER CRUZ, STEVEN**
15 | **ERHART, DANYALE GAGE, BILL**
**INTZEKOTIS, MILAN**
16 | **PULJEZEVIC, BRENT LUTKER,**
17 | **DANIEL SOBIESZEK, HARRY**
**REED, JR., ANDREW CYPRIAN,**
18 | **and MARIO ROMERO,**
19 |

Case No.

**COMPLAINT**

**1. Violation of FLSA** (29 U.S.C. § 201
*et seq.*)
**2. Violation of Illinois Minimum**
**Wage Law** (820 Ill. Comp. Stat. Ann.
105/1 *et seq.*)
**3. Violation of Illinois Wage Payment**
**and Collection Law** (820 Ill. Comp.
Stat. Ann. 115/1 *et seq.*)
**4. Unlawful Wage Deductions**
**(Chargebacks)** (820 Ill. Comp. Stat.
Ann. 115/9)
**5. Violation of Illinois Employee**
**Classification Act** (820 Ill. Comp. Stat.
Ann. 185/3 *et seq.*)

**DEMAND FOR JURY TRIAL**

20 | **Plaintiffs,**
21 | v.
22 |
23 |
24 | **DIRECTV, INC., DIRECTV, LLC,**
**and DIRECTSAT USA, LLC,**
25 |
26 | **Defendants.**
27 |
28 |

RECEIVED
CLERK, U.S. DISTRICT COURT

NOV - 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

COMPLAINT

## COMPLAINT

Plaintiffs Ricardo Anaya, David Blake, Javier Cruz, Steven Erhart, Danyale Gage, Bill Intzekotis, Milan Puljezevic, Brent Lutker, Daniel Sobieszek, Harry Reed, Jr., Andrew Cyprian, and Mario Romero, by and through their undersigned counsel, for their individual complaints against DIRECTV, Inc. and DIRECTV LLC (together, "DIRECTV"); and DirectSat USA, LLC ("DirectSat") (collectively with DIRECTV, "Defendants") hereby state as follows:

1.     Plaintiffs worked as satellite installation and repair technicians for Defendants.

2.     Defendants paid Plaintiffs on a per-task basis that did not properly compensate them for all hours worked in an effort to deliberately deny them earned wages and overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and state law.

## JURISDICTION AND VENUE

3.     The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Jurisdiction over Plaintiffs' state law claims is based upon 28 U.S.C. § 1367.

4.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant DIRECTV is deemed a resident of the Central District of California and DirectSat are each subject to personal jurisdiction in this District. Venue in the Western Division of the Central District of California is proper because defendant DIRECTV maintains an office in the Western Division of this Court and a substantial part of the events giving rise to this claim occurred in and emanated from this Division. Further, upon information and belief, Defendants have each consented to personal jurisdiction and venue in the Central District of California for the claims alleged herein.

**PARTIES**

**Defendants**

**DIRECTV**

5.      DIRECTV, Inc. is a Delaware corporation with its principal place of business in El Segundo, California. DIRECTV, Inc. does business as DIRECTV Home Services in the State of California and nationwide.

6.      In December 2011, DIRECTV, Inc. merged with another DIRECTV entity, DIRECTV Operations, LLC. The resulting entity is known as DIRECTV, LLC, which is a Delaware corporation with its principal place of business in El Segundo, California.

7.      All Plaintiffs were each jointly employed by defendant DIRECTV and bring individual claims against it.

**DirectSat USA, LLC**

8.      Defendant DirectSat USA, LLC is a Delaware limited liability company with its principal place of business in King of Prussia, Pennsylvania. DirectSat USA, LLC does business in Illinois and nationwide.

9.      All Plaintiffs were each jointly employed by defendant DirectSat and bring individual claims against it.

**Agreement Between DIRECTV and DirectSat**

10.      DIRECTV uses a contract to govern the terms and conditions of its business relationship with DirectSat.

11.      Under the terms of that contract, DirectSat must indemnify DIRECTV for any liability arising out of this lawsuit.

12.      DIRECTV's contract with the DirectSat also provides that in the event of any legal action involving the contract, the exclusive venue shall be where DIRECTV's corporate headquarters is located, which is California.

3

COMPLAINT

13.     Under this contract, DirectSat agreed to submit itself to the exclusive personal jurisdiction of the federal and state courts of the State of California.

14.     Upon information and belief, at all relevant times, DIRECTV was the primary, if not the only, client of the DirectSat and was the source of substantially all of DirectSat's income.

## Plaintiffs

15.     With exceptions noted herein,[1] Plaintiffs previously filed consents to become party plaintiffs in *Lang v. DIRECTV*, Case No. 10-1085, pending in the Eastern District of Louisiana. The case was pending as a collective action until the court, on September 3, 2013, granted the parties' joint motion decertifying the class, dismissed the opt-in plaintiffs' claims without prejudice to pursuing the individual claims raised herein, and ordered the statute of limitations for each opt-in plaintiff to continue to be tolled for 60 days from the date of the order. *Lang v. DIRECTV*, Case No. 10-1085-NJB (E.D. La.) (Docs. 466, 466-1).

### Ricardo Anaya

16.     Plaintiff Ricardo Anaya is an individual residing in the state of Illinois. Between approximately 2010 and the present, Ricardo Anaya routinely worked more than 40 hours per week as a technician for DIRECTV and DirectSat, and was unlawfully deprived of overtime compensation.

17.     In fact, Ricardo Anaya spent approximately 60 hours per week performing tasks for the benefit of Defendants, many unpaid.

18.     Defendants' employment policies and practices detailed herein (*i.e.*, imposing "chargebacks," failing to compensate Ricardo Anaya for all hours worked, and failing to reimburse Ricardo Anaya's necessary business expenses) resulted in Ricardo Anaya being routinely subjected to working at an effective wage rate of less than the applicable minimum wage.

---

[1] Javier Cruz and Brent Lutker did not file consents in the *Lang v. DIRECTV* litigation.

4

COMPLAINT

**David Blake**

19. Plaintiff David Blake is an individual residing in the state of Illinois. Between approximately September 2009 and August 2012, David Blake routinely worked more than 40 hours per week as a technician for DIRECTV and DirectSat, and was unlawfully deprived of overtime compensation.

20. In fact, David Blake spent approximately 52 hours per week performing tasks for the benefit of Defendants, many unpaid.

21. Defendants' employment policies and practices detailed herein (*i.e.*, imposing "chargebacks," failing to compensate David Blake for all hours worked, and failing to reimburse David Blake's necessary business expenses) resulted in David Blake being routinely subjected to working at an effective wage rate of less than the applicable minimum wage.

**Javier Cruz**

22. Plaintiff Javier Cruz is an individual residing in the state of Illinois. Between 2009 and the present, Javier Cruz routinely worked more than 40 hours per week as a technician for DIRECTV and DirectSat, and was unlawfully deprived of overtime compensation.

23. In fact, Javier Cruz spent approximately 54 hours per week performing tasks for the benefit of Defendants, many unpaid.

24. Defendants' employment policies and practices detailed herein (*i.e.*, imposing "chargebacks," failing to compensate Javier Cruz for all hours worked, and failing to reimburse Javier Cruz' necessary business expenses), resulted in Javier Cruz being routinely subjected to working at an effective wage rate of less than the applicable minimum wage.

**Steven Erhart**

25. Plaintiff Steven Erhart is an individual residing in the state of Illinois. Between approximately 2007 and 2010, Steven Erhart routinely worked more than

COMPLAINT

1  40 hours per week as a technician for DIRECTV and DirectSat, and was

2  unlawfully deprived of overtime compensation.

3      26.    In fact, Steven Erhart spent in excess of 60 hours per week performing

4  tasks for the benefit of Defendants, many unpaid.

5      27.    Defendants' employment policies and practices detailed herein (*i.e.*,

6  imposing "chargebacks," failing to compensate Steven Erhart for all hours worked,

7  and failing to reimburse Steven Erhart's necessary business expenses) resulted in

8  Steven Erhart being routinely subjected to working at an effective wage rate of less

9  than the applicable minimum wage.

10  **Danyale Gage**

11      28.    Plaintiff Danyale Gage is an individual residing in the state of Illinois.

12  From between May, 2007 and April, 2011, Danyale Gage routinely worked more

13  than 40 hours per week as a technician for DIRECTV and DirectSat, and was

14  unlawfully deprived of overtime compensation.

15      29.    In fact, Danyale Gage spent approximately 60 hours per week

16  performing tasks for the benefit of Defendants, many unpaid.

17      30.    Defendants' employment policies and practices detailed herein (*i.e.*,

18  imposing "chargebacks," failing to compensate Danyale Gage for all hours

19  worked, and failing to reimburse Danyale Gage's necessary business expenses)

20  resulted in Danyale Gage being routinely subjected to working at an effective wage

21  rate of less than the applicable minimum wage.

22  **Bill Intzekotis**

23      31.    Plaintiff Bill Intzekotis is an individual residing in the state of Illinois.

24  Between approximately August, 2010 and August, 2011, Bill Intzekotis routinely

25  worked more than 40 hours per week as a technician for DIRECTV and DirectSat,

26  and was unlawfully deprived of overtime compensation.

27

28

6

COMPLAINT

32.　In fact, Bill Intzekotis spent approximately 60 hours per week performing tasks for the benefit of Defendants, many unpaid.

33.　Defendants' employment policies and practices detailed herein (*i.e.*, imposing "chargebacks," failing to compensate Bill Intzekotis for all hours worked, and failing to reimburse Bill Intzekotis' necessary business expenses) resulted in Bill Intzekotis being routinely subjected to working at an effective wage rate of less than the applicable minimum wage.

**Milan Puljezevic**

34.　Plaintiff Milan Puljezevic is an individual residing in the state of Illinois. Between approximately 2007 and 2010, Milan Puljezevic routinely worked more than 40 hours per week as a technician for DIRECTV and DirectSat, and was unlawfully deprived of overtime compensation.

35.　In fact, Milan Puljezevic spent approximately 60 hours per week performing tasks for the benefit of Defendants, many unpaid.

36.　Defendants' employment policies and practices detailed herein (*i.e.*, imposing "chargebacks," failing to compensate Milan Puljezevic for all hours worked, and failing to reimburse Milan Puljezevic's necessary business expenses) resulted in Milan Puljezevic being routinely subjected to working at an effective wage rate of less than the applicable minimum wage.

**Brent Lutker**

37.　Plaintiff Brent Lutker is an individual residing in the state of Illinois. From between June, 2011 and October, 2012, Brent Lutker routinely worked more than 40 hours per week as a technician for DIRECTV and DirectSat, and was unlawfully deprived of overtime compensation.

38.　In fact, Brent Lutker spent in excess of 60 hours per week performing tasks for the benefit of Defendants, many unpaid.

7

COMPLAINT

39.   Defendants' employment policies and practices detailed herein (*i.e.*, imposing "chargebacks," failing to compensate Brent Lutker for all hours worked, and failing to reimburse Brent Lutker's necessary business expenses) resulted in Brent Lutker being routinely subjected to working at an effective wage rate of less than the applicable minimum wage.

**Daniel Sobieszek**

40.   Plaintiff Daniel Sobieszek is an individual residing in the state of Illinois. Between approximately2010 and 2011, Daniel Sobieszek routinely worked more than 40 hours per week as a technician for DIRECTV and DirectSat, and was unlawfully deprived of overtime compensation.

41.   In fact, Daniel Sobieszek spent in excess of 60 hours per week performing tasks for the benefit of Defendants, many unpaid.

42.   Defendants' employment policies and practices detailed herein (*i.e.*, imposing "chargebacks," failing to compensate Daniel Sobieszek for all hours worked, and failing to reimburse Daniel Sobieszek's necessary business expenses) resulted in Daniel Sobieszek being routinely subjected to working at an effective wage rate of less than the applicable minimum wage.

**Harry Reed, Jr.**

43.   Plaintiff Harry Reed, Jr.is an individual residing in the state of Illinois. Between approximately 2005 and 2011, Harry Reed, Jr. routinely worked more than 40 hours per week as a technician for DIRECTV and DirectSat, and was unlawfully deprived of overtime compensation.

44.   In fact, Harry Reed, Jr. spent in excess of 60 hours per week performing tasks for the benefit of Defendants, many unpaid.

45.   Defendants' employment policies and practices detailed herein (*i.e.*, imposing "chargebacks," failing to compensate Harry Reed, Jr. for all hours worked, and failing to reimburse Harry Reed, Jr.'s necessary business expenses)

8

1   resulted in Harry Reed, Jr. being routinely subjected to working at an effective
2   wage rate of less than the applicable minimum wage.

3   **Andrew Cyprian**

4   46.   Plaintiff Andrew Cyprian is an individual residing in the state of
5   Illinois. From between October 2010 and January 2013, Andrew Cyprian routinely
6   worked more than 40 hours per week as a technician for DIRECTV and DirectSat,
7   and was unlawfully deprived of overtime compensation.

8   47.   In fact, Andrew Cyprian spent approximately 50 hours per week
9   performing tasks for the benefit of Defendants, many unpaid.

10   48.   Defendants' employment policies and practices detailed herein (*i.e.,*
11   imposing "chargebacks," failing to compensate Andrew Cyprian for all hours
12   worked, and failing to reimburse Andrew Cyprian's necessary business expenses)
13   resulted in Andrew Cyprian being routinely subjected to working at an effective
14   wage rate of less than the applicable minimum wage.

15   **Mario Romero**

16   49.   Plaintiff Mario Romero is an individual residing in the state of
17   Illinois. From between 2009 and the present, Mario Romero routinely worked
18   more than 40 hours per week as a technician for DIRECTV and DirectSat, and was
19   unlawfully deprived of overtime compensation.

20   50.   In fact, Mario Romero spent in excess of 60 hours per week
21   performing tasks for the benefit of Defendants, many unpaid.

22   51.   Defendants' employment policies and practices detailed herein (*i.e.,*
23   imposing "chargebacks," failing to compensate Mario Romero for all hours
24   worked, and failing to reimburse Mario Romero's necessary business expenses)
25   resulted in Mario Romero being routinely subjected to working at an effective
26   wage rate of less than the applicable minimum wage.

27

28

9

COMPLAINT

## GENERAL ALLEGATIONS

52.   Defendants are, and were at all times relevant herein, in the business of, among other things, providing satellite television service to businesses and consumers.   Installation and repair of satellite dishes, receivers, and related equipment is an integral part of DIRECTV's business.

53.   Plaintiffs were jointly employed by Defendants as technicians.

54.   Plaintiffs' principal job duty as technicians is or was to install and repair DIRECTV satellite television service.

55.   Plaintiffs typically started their workdays after receiving daily work schedules assigned through DIRECTV's dispatching systems. DIRECTV used a database program known as SIEBEL to coordinate the assignment of particular work orders to technicians using each technician's unique "Tech ID Number."

56.   After receiving their daily work schedules, Plaintiffs typically called the customer contact for each of their assigned jobs to confirm the timeframe within which the technician expected to arrive at the customer's home. Plaintiffs then traveled to their first assigned job and thereafter continued to complete the jobs assigned by Defendants in the proscribed order on the daily work schedule. Upon arriving at each job site, Plaintiffs were required to check-in via telephone with DIRECTV via its dispatching system. At the end of an assigned job, Plaintiffs were required to report to DIRECTV that the installation was complete and, thereafter, worked directly with DIRECTV employees to activate the customer's service.

57.   When performing DIRECTV's work, Plaintiffs were required by Defendants to wear a uniform with DIRECTV insignia on it. Additionally, Plaintiffs were required to display DIRECTV insignia on vehicles driven to customers' homes for installations. Plaintiffs were required to purchase these uniforms and insignia, typically from Defendants.

10

COMPLAINT

58.     Plaintiffs were not paid for all hours they worked for Defendants. Rather, they were paid on a per-task (a/k/a piece rate) basis for satisfactorily completing a DIRECTV-approved satellite installation. There was no contract, memorandum, or other document between Plaintiffs and Defendants memorializing or explaining this pay system.

59.     In addition to the certain tasks Defendants designated as compensable, Plaintiffs performed other work each week during the relevant time period for Defendants, such as assembling satellite dishes, driving to and between job assignments, reviewing and receiving schedules, calling customers to confirm installations, obtaining required supplies, attending required meetings, assisting other technicians with installations, performing required customer educations, contacting DIRECTV to report in or activate service, working on installations that were not completed, and working on "rollback" installations where Plaintiffs had to return and perform additional work on installations for which they had already been paid.

60.     Plaintiffs were not paid for these integral and indispensable tasks that were necessary to their principal activity of installing and repairing DIRECTV satellite television service.

61.     Plaintiffs routinely worked more than 40 hours per week for Defendants, as alleged in more detail previously.

62.     Defendants did not pay Plaintiffs' wages free and clear. Rather, Plaintiffs were subjected to "chargebacks" wherein Defendants would deduct amounts from Plaintiffs' pay if there were problems with an installation up to 90 days after the customer's service was activated. The chargeback would occur for a variety of reasons, many of which were out of Plaintiffs' control.

63.     Provider Defendants have records that should allow a more precise calculation of the amounts of the chargebacks taken out of Plaintiffs' pay.

11

COMPLAINT

64. In addition to chargebacks, Plaintiffs were also required to purchase supplies necessary to perform installations, such as screws, poles, concrete, and cables.

65. The required purchase of these supplies for Defendants' financial benefit reduced Plaintiffs' wages, including overtime pay.

66. Plaintiffs were not paid an overtime premium for work done beyond 40 hours in a given workweek.

67. Defendants' policy and practice of imposing "chargebacks," failing to compensate Plaintiffs for all hours worked, and failing to reimburse Plaintiffs' necessary business expenses resulted in Plaintiffs being routinely subjected to working at an effective wage rate of less than the applicable minimum wage.

**Defendants Are Joint Employers of Plaintiffs**

68. DIRECTV exerted significant control over DirectSat and Plaintiffs regarding the essential terms and conditions of Plaintiffs' employment.

69. DirectSat is merely a "middle man" or "straw man" through which DIRECTV exerted control over Plaintiffs.

70. Although hiring was generally done at the DirectSat's level, DIRECTV controlled the details of Plaintiffs' day-to-day work.

71. DIRECTV, through DirectSat, exercised significant control over Plaintiffs' daily work lives, including, but not limited to, control over what work Plaintiffs performed, where that work was performed, when that work was performed, and how that work was performed.

72. DIRECTV, through DirectSat, also determined whether Plaintiffs' work merited compensation, including setting the rate of pay, the method of payment, whether chargebacks or rollbacks would be imposed and for how much. Specifically, DIRECTV determined the rate of pay and the DirectSat administered payroll and provided Plaintiffs with their paychecks.

12

COMPLAINT

73. DIRECTV, through the DirectSat, exerted control over Plaintiffs sufficient to establish that they jointly employed Plaintiffs. DIRECTV and DirectSat constitute joint employers subject to liability under the FLSA and state law.

74. DIRECTV customers considered Plaintiffs to be employees of DIRECTV.

75. DIRECTV promulgates detailed instructions for how installations are to be completed. Plaintiffs received these instructions and performed the work as DIRECTV required. Plaintiffs were not given meaningful discretion in how they performed installations.

76. DIRECTV publishes training materials that technicians such as Plaintiffs are required to review.

77. DIRECTV requires that all technicians obtain a certification from the Satellite Broadcasting & Communications Association ("SBCA") before that technician may be assigned DIRECTV work orders. This requirement allows DIRECTV to mandate certain training for all technicians.

78. DIRECTV utilizes a network of quality control personnel and field managers to oversee the work performed by Plaintiffs.

79. DIRECTV and DirectSat's quality control personnel reviewed Plaintiffs' work, and Plaintiffs were subject to chargebacks and/or rollbacks based on those reviews.

80. While DIRECTV may not maintain Plaintiffs' employment-related documents at its corporate office, DIRECTV contractually requires its middle men (like DirectSat), to provide DIRECTV the right to inspect and/or obtain copies of Plaintiffs' personnel files and employment-related documents.

13

COMPLAINT

81.     Defendants are each engaged in interstate commerce and, upon information and belief, Defendants each gross more than Five Hundred Thousand Dollars in revenue per year.

82.     The net effect of Defendants' policies and practices, instituted by DIRECTV and administered by DirectSat, is that Defendants willfully fail to pay minimum wage and overtime compensation to Plaintiffs, and willfully fail to keep accurate time records in order to save payroll costs. Defendants enjoy ill-gained profits at the expense of their technicians, including Plaintiffs.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

*By each Plaintiff individually against Plaintiff's previously identified joint-employer-Defendant(s)*

83.     Plaintiffs re-allege all allegations set forth above.

84.     At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

85.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

86.     The FLSA also regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).

14

COMPLAINT

87. Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and their employees are engaged in commerce.

88. Defendants violated the FLSA by failing to pay all minimum wage and overtime wages due to Plaintiffs, failing to properly calculate Plaintiffs' regular rate of pay for determining the overtime premium pay owed, and improperly deducting money from Plaintiffs' pay.

89. Plaintiffs are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three years preceding the filing their consent to join forms in the *Lang* litigation or from the filing of this complaint for those Plaintiffs who did not file a consent to join in *Lang*, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard in their violation of the FLSA.

90. Pursuant to Defendants' policies and practices, Defendants willfully violated the FLSA by refusing and failing to pay Plaintiffs overtime and minimum wages. In the course of perpetrating these unlawful practices, Defendants willfully failed to keep accurate records of all hours worked by, compensation paid to, and expenses incurred by Plaintiffs.

91. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. As a result thereof, Plaintiffs are each entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants acted in good faith in failing to pay Plaintiffs minimum wage and overtime compensation, Plaintiffs are each entitled to an award of prejudgment interest at the applicable legal rate.

COMPLAINT

92.    As a result of these violations of the FLSA's minimum wage and overtime pay provisions, compensation has been unlawfully withheld from Plaintiffs by Defendants. Accordingly, pursuant to 29 U.S.C. § 216(b), Defendants are liable for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

### COUNT II

**Violation of Illinois Minimum Wage Law (IMWL)**

(820 Ill. Comp. Stat. Ann. 105/1 *et seq.*)

*By each Plaintiff individually against Plaintiff's previously identified joint-employer-Defendant(s)*

93.    Plaintiffs re-allege the allegations set forth above.

94.    Plaintiffs were "employees," and Defendants were "employers" pursuant to 105/3, 115/2.

95.    Defendants are joint employers of the Plaintiffs and are jointly and severally liable for the violations of 820 ILCS §105/4a.

96.    Defendants violated Illinois law, in relevant part, by failing to pay overtime premium pay to Plaintiffs as required by 820 ILCS 105/4a.

97.    Defendants violated Illinois law, in relevant part, by failing to compensate Plaintiffs for all wages earned and all hours worked at least at the minimum wage in violation of 820 ILCS 105/4. 47.

98.    Defendants also violated 820 ILCS §105/4a by taking unlawful wage deductions.

99.    Defendants' violations of 820 ILCS §105/4a were willful.

100.    As alleged herein, Plaintiffs were paid piece-rate for very limited and specific tasks that they completed for Defendants. They were not compensated for

16

COMPLAINT

1 other tasks completed for Defendants' benefit. Moreover, Plaintiffs were not
2 compensated for all time worked during the continuous workday.

3     101. Plaintiffs have been damaged by Defendants' willful failure to
4 compensate them as required by law.

5     102. Pursuant to IMWL 105/12 and 56 Ill. Adm. Code 210.1000, Plaintiffs
6 are entitled to the total of underpaid wages, costs and attorney's fees, as well as
7 punitive damages of 2% of the amount of any such underpayments for each month
8 such underpayments remain unpaid.

9     103. Plaintiffs request relief as described below and as permitted by law.

10 **<u>COUNT III</u>**

11 **Violation of Illinois Wage Payment and Collection Law**

12 (820 Ill. Comp. Stat. Ann. 115/1 *et seq.*)

13 *By each Plaintiff individually against Plaintiff's previously identified joint-*
14 *employer-Defendant(s)*

15     104. Plaintiffs re-allege the allegations set forth above.

16     105. Under Illinois law, Plaintiffs are entitled to timely payment in full of
17 all wages by the next payday following termination of employment.

18     106. Defendants willfully violated their obligations under Illinois law by
19 failing to pay Plaintiffs all wages earned and unpaid by the next payday following
20 the end of their employment.

21     107. As a direct and proximate cause of Defendants' actions, Plaintiffs
22 have suffered damages.

23     108. Pursuant to Illinois Wage Payment and Collection Act § 115/14 and
24 56 Ill. Adm. Code 210.1000, Plaintiffs are entitled to recover underpaid wages,
25 costs and attorney's fees, as well as damages of 2% of the amount of any such
26 underpayments for each month such underpayments remain unpaid.

27     109. Plaintiffs request relief as described below and as permitted by law.

28

17

COMPLAINT

## COUNT IV

### Unlawful Wage Deductions (Chargebacks)

(820 Ill. Comp. Stat. Ann. 115/9)

*By each Plaintiff individually against Plaintiff's previously identified joint-employer-Defendant(s)*

110. Plaintiffs re-allege the allegations set forth above.

111. Under 820 Ill. Comp. Stat. Ann. 115/9, an employer is prohibited from making certain deductions from an employee's wages or final compensation except as authorized by law.

112. As alleged herein, Defendants regularly and impermissibly collected "chargebacks" from Plaintiffs' pay.

113. Defendants also repeatedly failed to reimburse Plaintiffs for reasonable and necessary business expenses incurred by Plaintiffs in order to complete their work for Defendants.

114. These deductions were not the result of a dispute over wages, Plaintiffs did not consent in writing to these deductions, and these deductions were not to Plaintiffs' benefit.

115. Defendants violated 820 Ill. Comp. Stat. Ann. § 115/9 by taking unlawful wage deductions from Plaintiffs.

116. Defendants violated 820 Ill. Comp. Stat. Ann. § 115/3 by denying the Plaintiffs all of their earned straight time and overtime wages and final compensation.

117. As a direct and proximate cause of Defendants' actions, Plaintiffs have suffered damages.

118. Pursuant to 820 Ill. Comp. Stat. Ann. § 115/14 and 56 Ill. Adm. Code 210.1000, Plaintiffs are entitled to recover these unpaid wages plus damages of 2%

18

COMPLAINT

1  of the amount of the underpayments for each month such underpayments remain

2  unpaid, plus interest, attorneys' fees, and costs in amounts to be proved at trial.

3      119.  Plaintiffs request relief as described below and as permitted by law.

4                        **COUNT V**

5      **Violation of Illinois Employee Classification Act**

6                  (820 Ill. Comp. Stat. Ann. 185/3 *et seq.*)

7      *By each Plaintiff individually against Plaintiff's previously identified joint-*

8                        *employer-Defendant(s)*

9      120.  Plaintiffs re-allege the allegations set forth above.

10     121.  As satellite system installers, Plaintiffs are and were at all times

11  subject to the definitions contained in 820 Ill. Comp. Stat. Ann 185/5 and 185/10.

12     122.  Under the Illinois Employee Classification Act, 820 Ill. Comp. Stat.

13  Ann. 185/20, Defendants are prohibited from misrepresenting the nature of their

14  employment relationship with Plaintiffs by, among other things, misclassifying

15  Plaintiffs as independent contractors.

16     123.  Plaintiffs performed work for remuneration paid by Defendants under

17  the control and direction of DIRECTV through the Provider Defendant as alleged

18  herein.

19     124.  Plaintiffs' services were never outside the usual course of services that

20  Defendants provide. Plaintiffs were never engaged in any independently

21  established trade or business in connection with their work for Defendants.

22  Plaintiffs were never sole proprietors or part of a partnership in connection with

23  their work for Defendants. Defendants nonetheless improperly treated Plaintiffs as

24  independent contractors and as a result, Defendants paid Plaintiffs straight pay in

25  the form of cash without taking the required payroll deductions or making the

26  required contributions on their behalf for their work.

27

28

COMPLAINT

125. As a direct and proximate result of being misclassified, Plaintiffs have suffered damages.

126. By willfully failing to identify and classify Plaintiffs properly as employees, Defendants violated the IECA, § 820 ILCS 185/20.

127. Pursuant to 820 Ill. Comp. Stat. Ann. 185/60, Defendants are jointly liable to Plaintiffs for the amount of any wages, salary, employment benefits, or other compensation denied or lost as a result of the violation plus an equal amount in liquidated damages; compensatory damages plus an amount up to $500.00 for each violation; and attorneys' fees and costs.

128. Plaintiffs request relief as described below and as permitted by law.

**WHEREFORE**, Plaintiffs request the Court enter judgment for Plaintiffs individually and:

   a. Award damages for unpaid minimum wages and unpaid overtime wages under 29 U.S.C. § 216(b) and Illinois Minimum Wage Law (IMWL) 820 Ill. Comp. Stat. Ann. 105/1 *et seq.*;

   b. Award damages for unpaid wages under Illinois Wage Payment and Collection Law (IWPCL), 820 Ill. Comp. Stat. Ann. 115/1 *et seq.*;

   c. Award damages of 2% of the amount of the underpayments for each month such underpayments remain unpaid pursuant to IMWL 820 Ill. Comp. Stat. Ann. 105/12, IWPCL 820 Ill. Comp. Stat. Ann. 115/14, and 56 Ill. Adm. Code 210.1000;

   d. Find that Defendants violated the Illinois Employment Classification Act (IECA);

   e. Award damages for the amount of wages or other compensation lost as a result of the misclassification and an equal amount in liquidated damages, compensatory damages, $500.00 for each violation, and

20

COMPLAINT

1    attorneys' fees and costs as provided in IECA, 820 Ill. Comp. Stat.
2    Ann. 185/60;

3    f.  Award reasonable attorney's fees under the FLSA, IMWL, IWPCL,
4        and IECA;

5    g.  Award pre-judgment interest;

6    h.  Award costs of suit under 29 U.S.C. § 216(b) and Illinois law; and

7    i.  Grant any further relief that the Court may deem just and equitable.

8    Dated: November 1, 2013                Respectfully submitted,

9                                           **STUEVE SIEGEL HANSON LLP**

10
11                                    By: _____

12                                           Jason S. Hartley, CA Bar No. 192514
13                                           500 West C Street, Suite 1750
                                             San Diego, California 92101
14                                           Telephone:  619-400-5822
15                                           Facsimile:   619-400-5832
                                             Email: hartley@stuevesiegel.com
16
17                                           George A. Hanson, (*Pro Hac Vice
                                             Forthcoming*), MO Bar No. 43450
18                                           460 Nichols Road, Suite 200
                                             Kansas City, Missouri 64112
19                                           Telephone:  816-714-7100
20                                           Facsimile:   816-714-7101
                                             Email: hanson@stuevesiegel.com
21
22                                           **HEARIN, LLC**
                                             JESSE B. HEARIN, III
23                                           La. Bar Roll No. 22422
24                                           1009 Carnation Street, Suite E
                                             Slidell, Louisiana 70460
25                                           Telephone:  985-639-3377
26                                           Email: jbhearin@hearinllc.com
27
                                             *Attorneys for Plaintiffs*
28
                                                        21

                                                                    COMPLAINT

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Ricardo Anaya, David Blake, Javier Cruz, Steven Erhart, Danyale Gage, Bill Intzekotis, Milan Puljezevic, Bent Lutker, Daniel Sobieszek, Harry Reed, Jr., Andrew Cyprian, and Mario Romero

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

DirecTV, Inc., DirecTV, LLC, and DirectSat USA, LLC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

Jason Hartley
Stueve Siegel Hanson LLP
550 West C Street, Suite 1750
San Diego, CA 92101    Phone: 619.400.5822

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 0

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
FLSA (29 U.S.C. §201 et seq.); Illinois Minimum Wage Law (820 Ill. Comp. Stat. Ann. 105/1 et seq.); Illinois Wage Payment and Collection Law (820 Ill. Comp. Stat. Ann. 115/1 et seq.); Unlawful Wage Deductions (Chargebacks) (820 Ill. Comp. Stat. Ann 115/9 et seq.); Illinois Employee Classification (820 Ill. Comp. Stat. Ann. 185/3 et seq.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☒ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/ Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:   CV13-09130

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | **A PLAINTIFF?**<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?**<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C | ☐ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br><br>If none applies, answer question C2 to the right. ⇒ | Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br><br>If none applies, go to the box below. ⇓ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ⇒ | Western |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**     DATE: November 1, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Audrey B. Collins_____ and the assigned Magistrate Judge is _____Frederick F. Mumm_____ .

The case number on all documents filed with the Court should read as follows:

### 2:13-CV-8130-ABC (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____November 1, 2013_____
Date

By  MDAVIS
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**