UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 13-8130-ABC (Ex)<br>CV 13-8160-ABC (Ex)<br>CV 13-8167-ABC (Ex)<br>CV 13-8168-ABC (Ex) | Date | July 22, 2014 |
|---|---|---|---|
| Title | Ricardo Anaya, et al., v. DirectTV, Inc., et al.<br>Alan McCaffery, et al., v. DirectTV, Inc., et al.<br>Robert Mullings, et al., v. DirectTV, Inc., et al.<br>Robert Field, et al., v. DirectTV, Inc., et al. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Angela Bridges | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

None Present    None Present

**Proceedings:**   ORDER RE: MOTIONS TO TRANSFER AND MOTIONS TO SEVER CLAIMS OF PLAINTIFFS AND DEFENDANTS (In Chambers)

Pending before the Court are Defendant's Motions to Sever Claims of Plaintiffs, Sever Defendants, and Transfer. Plaintiffs filed Oppositions to all Motions and Defendants filed Replies. The Court hereby **GRANTS** all Motions to Transfer. The Court **DENIES** as moot and without prejudice all Motions to Sever Claims of Plaintiffs and to Sever Defendants.

## I. BACKGROUND

The background of these cases is set forth comprehensively in the parties' papers, so the Court will provide only a brief summary. The Plaintiffs in the four cases herein assert wage and hour claims under the FLSA and state law against Defendants. Most of them were originally plaintiffs in an FLSA collective action lawsuit filed in the Eastern of District of Louisiana, Lang v. DirecTV, Inc., case no. 10-1085-NJB ("Lang"). Upon the parties' stipulation, Lang was decertified and dismissed, and its opt-in plaintiffs were barred from pursuing their claims in any other collective or class action. However, the former Lang plaintiffs were otherwise free to pursue their claims.

Thereafter, 323 Lang plaintiffs and some 35 non-Lang plaintiffs filed their claims in this district. They joined their claims to comprise eleven cases (all related).[1]

---

[1] The first-filed case to which all of the other cases are related is Antonio Acfalle, et al., v. DirectTV, Inc., et al., CV 13-8108-ABC (Ex).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 13-8130-ABC (Ex)<br>CV 13-8160-ABC (Ex)<br>CV 13-8167-ABC (Ex)<br>CV 13-8168-ABC (Ex) | Date | July 22, 2014 |
|---|---|---|---|
| Title | Ricardo Anaya, et al., v. DirectTV, Inc., et al.<br>Alan McCaffery, et al., v. DirectTV, Inc., et al.<br>Robert Mullings, et al., v. DirectTV, Inc., et al.<br>Robert Field, et al., v. DirectTV, Inc., et al. | | |

Plaintiffs are technicians who perform installation and repair services on DirecTV satellite television equipment. Plaintiffs allege that they were required to perform work-related tasks for which they were not compensated, and as a result, were denied wages and overtime pay. The Defendants are DirecTV and four companies characterized as "Home Service Providers" ("HSP"): DirectSat USA LLC; DTV Home Services II, LLC; Mastec North America Inc.; and Multiband Corporation.[2] According to Plaintiffs, DirecTV operates a nationwide Provider Network to install and repair its satellite television equipment. This network consists of several levels of intermediaries. The HSPs are among the largest intermediaries and have a direct relationship with DirecTV. These HSPs either provide DirecTV with technicians themselves, or they subcontract this work out to other contractors. Some Plaintiffs worked for HSPs, others worked only for subcontractors, and still others worked for HSPs and subcontractors.

Plaintiffs contend that although most of them were formally employed by non-party subcontractors, in fact, DirecTV and the HSPs, along with the subcontractors, were their joint employers and are liable for their unpaid wages and overtime. Plaintiffs assert that they brought their claims in the Central District of California because it is the only single district in which venue for all of their claims is proper because DirecTV is headquartered here and all of the HSPs consented to jurisdiction here.

In all of the eleven cases, Defendants filed Motions to sever Plaintiffs and Defendants, and to transfer these cases under 28 U.S.C. § 1404(a) to the Plaintiffs' home districts. This Order addresses the Motions in four cases.[3] In each of the four cases addressed herein, the Plaintiffs are from and worked in the same multi-district state: the twelve *Anaya* Plaintiffs are from Illinois and worked in Illinois, with some also working in adjacent state Indiana; the six *Field* Plaintiffs are from Pennsylvania and worked in Pennsylvania; the eleven *McCaffery* Plaintiffs are from Wisconsin and worked in Wisconsin, except one lives in Wisconsin and worked in Oklahoma; and the four *Mullings* Plaintiffs are from New York and worked in New York. Defendants moved to sever Plaintiffs and Defendants, and moved under 28 U.S.C. § 1404(a) to transfer these cases to the "appropriate district" within each state, but did not specify which is the "appropriate" transferee district. Pursuant to Court order, the parties filed, on July 17, 2014, a Joint Report indicating what the "appropriate" transferee districts would be for each case as

---

[2] Not every HSP is named as a Defendant in every case.

[3] Concurrently with this Order, the Court is issuing Orders resolving the same motions in the other seven related cases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 13-8130-ABC (Ex) <br> CV 13-8160-ABC (Ex) <br> CV 13-8167-ABC (Ex) <br> CV 13-8168-ABC (Ex) | Date | July 22, 2014 |
|---|---|---|---|
| Title | Ricardo Anaya, et al., v. DirectTV, Inc., et al. <br> Alan McCaffery, et al., v. DirectTV, Inc., et al. <br> Robert Mullings, et al., v. DirectTV, Inc., et al. <br> Robert Field, et al., v. DirectTV, Inc., et al. | | |

a whole, and for each Plaintiff.[4]

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). In order to succeed on a motion to transfer venue, the moving party must show that the forum to which they seek transfer is a forum in which the action originally might have been brought. See Hoffman v. Blaski, 363 U.S. 335, 344 (1960).

In resolving a motion to transfer, courts consider three main factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. See Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 269 (C.D. Cal. 1998) (citing Arley v. United Pac. Ins. Co., 379 F.2d 183, 185 (9th Cir. 1969)). Under these three main factors, courts also consider the following sub-factors: (1) the plaintiff's choice of forum; (2) the location where the events at issue took place; (3) the differences in the costs of litigation in the two forums; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) any local interest in the controversy; (7) the ease of access to sources of proof; (8) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (9) the state that is most familiar with the governing law. See Jones, 211 F.3d at 498-99; see also Geo. F. Martin Company v. Royal Insurance Company of America, No. C03-5859 SI., 2004 WL 1125048, at *2 (N.D. Cal. May. 14, 2004). The moving party bears the burden of demonstrating that transfer is appropriate. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

## III. DISCUSSION

Using discovery conducted in Lang before it was decertified and allegations in the Complaints, Defendants compiled a Compendium of Evidence ("Compendium") consisting of a table showing, for each Plaintiff, various facts relevant to the transfer inquiry, such as the Plaintiff's home state, direct

---

[4] Plaintiffs did not object to any of the proposed transferee districts that Defendants identified. As noted in the Court's order ordering the parties to filed the report, "Plaintiffs' participation in [preparing the] Joint Report **shall not** be construed as consent to severance, transfer, or both."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 |
|---|---|---|---|
| Case No. | CV 13-8130-ABC (Ex) <br> CV 13-8160-ABC (Ex) <br> CV 13-8167-ABC (Ex) <br> CV 13-8168-ABC (Ex) | Date | July 22, 2014 |
| Title | Ricardo Anaya, et al., v. DirectTV, Inc., et al. <br><br> Alan McCaffery, et al., v. DirectTV, Inc., et al. <br><br> Robert Mullings, et al., v. DirectTV, Inc., et al. <br><br> Robert Field, et al., v. DirectTV, Inc., et al. | | |

employer, city where employed, and names of supervisors. See, e.g., Case No. 13-cv-8130, Karr Decl. Exh. A (docket no. 35-1). Upon review of the evidence, and in light of the foregoing factors, the Court finds that the convenience of the parties and witnesses would be far better served by litigating these cases in the districts in which the Plaintiffs reside than by litigating in the Central District of California.

**A.      Each Case Could Have Been Brought in the Respective Transfer District.**

To qualify as a district in which the action might have been brought, the transferee court must (1) be able to exercise personal jurisdiction over the defendants, (2) have subject matter jurisdiction over the claim, and (3) be a proper forum. GameTek LLC v. Gameview Studios, LLC, No. 12-CV-00499, 2012 WL 6042917, at *1 (N.D. Cal. 2012).

Curiously, movants do not expressly address this first element so the Court unfortunately had to expend its resources to review the record to find allegations relevant to this element. The Court finds that this element is satisfied. Each of the Complaints specifically alleges that each Defendant does business nationwide and/or in the specific state to which movants seek to transfer venue. Furthermore, having moved for transfer, the Defendants evidently consent to jurisdiction in these venues. As such, the transferee districts would be able to exercise personal jurisdiction over the Defendants. Because all of the cases assert federal claims (under the Fair Labor Standards Act), it is also clear that the transferee courts would have subject matter jurisdiction. Finally, the transferee courts are proper venues because each of the Defendants in each case is subject to personal jurisdiction in those districts, and, alternatively, the events giving rise to the claims occurred in those districts because those districts are where Plaintiffs worked and were allegedly refused pay.

This element is satisfied.

**B.      The Transferee Districts Are More Convenient Fora for All Parties in Each Case.**

Because no Plaintiff resides in this district, their "choice of forum has minimal value." Hewlett-Packard Co., 2012 WL 506569, at *3 (N.D. Cal. 2012) (citing Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968)). Similarly, because the operative facts do not appear to have taken place in California, Plaintiff's choice of forum is entitled to no deference. Raynes v. Davis, 2007 WL 4145102, at *1 (C.D. Cal. 2007) (Collins, J.) ("if the operative facts did not occur within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice of forum will be given considerably less weight.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 13-8130-ABC (Ex)<br>CV 13-8160-ABC (Ex)<br>CV 13-8167-ABC (Ex)<br>CV 13-8168-ABC (Ex) | Date | July 22, 2014 |
|---|---|---|---|
| Title | Ricardo Anaya, et al., v. DirecTV, Inc., et al.<br>Alan McCaffery, et al., v. DirecTV, Inc., et al.<br>Robert Mullings, et al., v. DirecTV, Inc., et al.<br>Robert Field, et al., v. DirecTV, Inc., et al. | | |

The events in issue took place overwhelmingly in the states to which Defendants seek transfer. Plaintiffs' wage and hour violations arose from their employment and therefore the "operative facts" occurred in the states in which the Plaintiffs were employed, that is, where they performed their work. The discovery from Lang reveals that almost all of the former Lang Plaintiffs in these four cases were employed in the respective proposed transferee states. Although it is not clear where the handful of non-Lang Plaintiffs in these cases were employed, they all *reside* in the prospective transferee states. That fact, combined with the allegations in the Complaint that each Defendant does business in the proposed transferee state and/or nationwide, it is more likely than not that the non-Lang Plaintiffs were employed in the transferee states. Indeed, counsel assert that they grouped the Plaintiffs together because they had the same state of employment. In any event, even given a lack of certainty as to several Plaintiffs' place of employment, it is clear that the vast majority of operative facts that give rise to the claims in these cases took place in the proposed transferee states.

Furthermore, the respective parties' contacts with the proposed transferee fora far outweigh their contacts with California. The only party in each case with any contacts with California is DirecTV. None of the Plaintiffs has any significant contacts with California, nor do any of the other Defendants, none of whom does business here.

Notwithstanding Plaintiffs' argument that it is just as convenient for them to litigate in California as it would be in their home states, it is actually far more convenient for Plaintiffs and Defendants alike to litigate in their home states (IL, PA, WI, and NY) than in a distant state (CA). Traveling a necessarily shorter – and likely driveable – distance is self-evidently more convenient than having to travel a farther distance involving flights, for deposition and trial.

On balance, the transferee districts are more convenient for the parties than this district is.

**C.    The Transferee Fora are More Convenient for Non-Party Witnesses**

The convenience of witnesses is often deemed the most important factor in deciding a transfer motion. See Saminsky v. Occidental Petroleum Corp., 373 F.Supp. 257, 259 (S.D.N.Y. 1974). The court considers not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony as it relates to the issues in the case. Brandon Apparel Group, Inc. v. Quitman Mfg. Co., Inc., 42 F. Supp. 2d 628, 639-640 (N.D. Miss. 1999). "The movant is obligated to clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included." Fireman's Fund Ins. Co. v. National Bank for Cooperatives, 1993 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 13-8130-ABC (Ex)<br>CV 13-8160-ABC (Ex)<br>CV 13-8167-ABC (Ex)<br>CV 13-8168-ABC (Ex) | Date | July 22, 2014 |
|---|---|---|---|
| Title | Ricardo Anaya, et al., v. DirectTV, Inc., et al.<br>Alan McCaffery, et al., v. DirectTV, Inc., et al.<br>Robert Mullings, et al., v. DirectTV, Inc., et al.<br>Robert Field, et al., v. DirectTV, Inc., et al. | | |

341274, *4 (N.D.Cal. 1993). See Musical Latino Americana, S.A. v. Mar Int'l Records, Inc., 829 F.Supp. 62, 66-67 (S.D.N.Y.1993) ("To meet its burden of demonstrating that transfer is in the convenience of the witnesses, the party seeking transfer must specifically list the evidence and witnesses on which the party intends to rely in the transferee district, along with a general statement of the topics of each witness testimony . . . Absent such a showing, the motion should be denied."). In balancing the convenience of the witnesses, courts give primary consideration to non-party witnesses, as opposed to witnesses who are employees of a party to the litigation. Queentex Enterprises, Inc. v. Sara Lee Corp., 2000 WL 246599, at *5 (N.D. Cal. 2000). Party witnesses can be compelled to testify regardless of the forum in which the lawsuit is ultimately litigated. See, e.g. Applied Elastomerics, Inc. v. Z-Man Fishing Products, Inc., 2006 WL 2868971 at *4 (N.D. Cal. 2006).

      This factor weighs heavily in favor of transfer. The parties' disagreement over this factor arises from their divergent views of whether non-parties would have testimony relevant to this case. The Court finds that it is far more likely than not that non-party testimony will be crucial to this case. Plaintiffs contend that they were treated as independent contractors when they were really employees, and as a result, they were not paid for all hours they worked or for overtime. It is clear that Plaintiffs' supervisors and co-workers would have testimony relevant to this issue. Defendants' Compendium shows the direct employers of most of the Plaintiffs in the instant four cases. Only a handful of these Plaintiffs were employed by a Defendant, and the vast majority of them were employed by one or more non-party subcontractor. For some Plaintiffs, the Compendium also identifies supervisors and other witnesses who would have relevant testimony, the vast majority of whom are or were employed by non-parties. Thus, the vast majority of supervisors and co-workers who would have testimony bearing on Plaintiffs' claims were employed by non-parties. Because these non-party witnesses supervised or otherwise worked with Plaintiffs at their place of employment, they are by and large located in the proposed transferee states.

      Plaintiffs argue that, in light of their joint employer theory of liability, the most important evidence consists of the network provide agreements between DirecTV and the HSPs, and between the HSPs and the subcontractors. Plaintiffs further contend that these agreements are uniform in most if not all material respects. This is not convincing. Although the Court understands Plaintiffs' theory, it remains just a theory and is not a basis upon which to conclude that the non-party testimony noted above is not relevant. Even if Plaintiffs were to succeed in demonstrating their joint employer theory, that would only establish that DirecTV and/or the HSPs would be liable for unpaid work; it would not establish that Plaintiffs actually performed unpaid work, or the amount of unpaid work they performed – issues to which testimony from non-parties (supervisors and others employed by non-party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 13-8130-ABC (Ex)<br>CV 13-8160-ABC (Ex)<br>CV 13-8167-ABC (Ex)<br>CV 13-8168-ABC (Ex) | Date | July 22, 2014 |
|---|---|---|---|
| Title | Ricardo Anaya, et al., v. DirectTV, Inc., et al.<br>Alan McCaffery, et al., v. DirectTV, Inc., et al.<br>Robert Mullings, et al., v. DirectTV, Inc., et al.<br>Robert Field, et al., v. DirectTV, Inc., et al. | | |

subcontractors) would be essential. In short, even were Plaintiffs to demonstrate that Defendants were their joint employers and thus, in theory, liable for unpaid work, they would still have to establish facts showing that they performed unpaid work, and how much – matters as to which non-party testimony will be important.

There appear to be no non-party witnesses in California. Thus, the proposed transferee fora are far more convenient for non-party witnesses than California is.

The convenience of non-party witnesses therefore weighs decidedly in favor of transfer.

**D.    The Interests of Justice Favor Venue in the Transferee Districts.**

The factors discussed above also demonstrate the venue in the transferee districts better serves the interests of justice than venue in the Central District of California. The most significant local interest in the controversy would be in the districts in which the alleged labor violations took place – the proposed transferee states – not in the Central District of California. Plaintiffs contend, in light of their joint employer theory, that local interest in this case resides in DirecTV's home state, California. However, as noted, this is merely a theory of imposing liability on DirecTV for violations that actually occurred elsewhere. So although there may be some local interest in California, it does not outweigh the local interest in the districts in which Plaintiffs worked and were denied wages.

Because the events in this case occurred in the proposed transferee states, it is fairer to burden citizens of those states with jury duty should this case go to trial. Although documentary evidence can be readily transported, live witness testimony for trial will be easier to procure the closer the venues are to those witnesses. It is not clear whether it will be more or less expensive to litigate these cases in the transferee districts or in this district. For example, although transferring the cases would require the parties to file similar briefs in various courts, those additional costs may be offset by reducing travel expenses for parties and non-party witnesses. So although reducing the costs of litigation serves the interests of justice, it is not clear how this factor weighs. Minimizing the inconvenience for witnesses certainly serves the interests of justice, and, as noted, non-party witnesses either reside in, or are decidedly closer to, the transferee districts.

Insofar as judicial economy informs the interest of justice, each of these cases involve state law claims. Although this Court is fully capable of applying the law of any state, certainly district courts in the proposed transferee districts are more familiar with the laws of their respective states and are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 13-8130-ABC (Ex) <br> CV 13-8160-ABC (Ex) <br> CV 13-8167-ABC (Ex) <br> CV 13-8168-ABC (Ex) | Date | July 22, 2014 |
|---|---|---|---|
| Title | Ricardo Anaya, et al., v. DirectTV, Inc., et al. <br> Alan McCaffery, et al., v. DirectTV, Inc., et al. <br> Robert Mullings, et al., v. DirectTV, Inc., et al. <br> Robert Field, et al., v. DirectTV, Inc., et al. | | |

therefore slightly better positioned to apply it.

      Finally, although Plaintiffs note that this district's time-to-trial is faster than that of many other districts, the Court is not persuaded that this means anything for the unusual situation presented by the eleven related cases currently before the Court. Concentrating before a single judge the massive workload that is sure to arise out of the numerous individual claims is likely to trigger significant delay, and the Court is not persuaded that any of the case-management techniques that Plaintiffs propose is likely to alleviate this delay. By contrast, distributing that workload to the local district courts is likely to get each case to trial more quickly and not imprudently overburden the docket of any single court.

      The interests of justice therefore militate in favor of transfer.

      Based on the foregoing, the Court will grant the motions to transfer. As a result, the Motions to Sever plaintiffs and defendants are moot. The issues raised by the motions to sever would be best adjudicated by the transferee courts. In particular, whether the claims are misjoined would require the court to determine whether the claims "arise out of the same transaction. . . . and if any question of law or fact common to all defendants will arise in the action." This may require a plaintiff-by-plaintiff consideration of, for example, whether joined plaintiffs were employed by the same subcontractor or working under the same supervisor and in the same place. The transferee courts would be best positioned to make those determinations after briefing tailored to their specific cases.

//
//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| | | | |
|---|---|---|---|
| Case No. | CV 13-8130-ABC (Ex)<br>CV 13-8160-ABC (Ex)<br>CV 13-8167-ABC (Ex)<br>CV 13-8168-ABC (Ex) | Date | July 22, 2014 |
| Title | Ricardo Anaya, et al., v. DirectTV, Inc., et al.<br>Alan McCaffery, et al., v. DirectTV, Inc., et al.<br>Robert Mullings, et al., v. DirectTV, Inc., et al.<br>Robert Field, et al., v. DirectTV, Inc., et al. | | |

### IV. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendants' Motion to Transfer, and hereby **ORDERS** the Clerk of Court to transfer these cases as follows:

*Ricardo Anaya, et al., v. DirectTV, Inc., et al.*, case no. CV 13-8130-ABC (Ex), to the NORTHERN DISTRICT OF ILLINOIS;

*Alan McCaffery, et al., v. DirectTV, Inc., et al.*, case no. CV 13-8160-ABC (Ex), to the EASTERN DISTRICT OF WISCONSIN;

*Robert Mullings, et al., v. DirectTV, Inc., et al.*, case no. CV 13-8167-ABC (Ex), to the SOUTHERN DISTRICT OF NEW YORK; and

*Robert Field, et al., v. DirectTV, Inc., et al.*, case no. CV 13-8168-ABC (Ex), to the EASTERN DISTRICT OF PENNSYLVANIA.

The Motions to Sever Claims of Plaintiffs and Motions to Sever Defendants are therefore moot and, on that basis, are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

:

Initials of Preparer   AB